UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar Jomo Straws, # 231018, | ) C/A No. 5:13-3484-BHH-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Robert M. Stevenson, III, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Jabbar Jomo Straws ("Petitioner"), a state prisoner, filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 33, 34. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 35. Petitioner filed a Response in opposition to Respondent's Motion. ECF No. 38. Respondent did not file a reply to Petitioner's Response. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.     Procedural History

Petitioner is currently incarcerated at Broad River Correctional Institution, part of the South Carolina Department of Corrections prison system. Pet. 1, ECF No. 1. In April 2006, Petitioner was indicted by the Lexington County Court of General Sessions for kidnapping (2 indictments), assault and battery with intent to kill ("ABWIK") (2 indictments), armed robbery, and

possession of a firearm during the commission of a violent crime. App. 639-50.[1] Petitioner proceeded to a jury trial that was held on July 26-29, 2006, with the Honorable R. Knox McMahon presiding as judge. Petitioner was represented by Attorneys Elizabeth C. Fullwood ("trial counsel") and Arie Bax of the Lexington County Public Defender's Office, and the State was represented by Assistant Solicitors Lawrence Wedekind and Shannon Heath. App. 1. The jury found Straws guilty of all charges. App. 466-71. On June 28, 2006, Petitioner was sentenced to consecutive sentences of thirty years for the armed robbery conviction, thirty years consecutive on each kidnapping conviction, twenty years consecutive on one ABWIK conviction and concurrent sentences of twenty years for the other ABWIK, and five years for possession of a firearm during the commission of a violent crime for an aggregate sentence of 110 years. App. 480-81.

Petitioner filed a timely notice of direct appeal from his convictions and sentences and was represented in the appeal by Joseph L. Savitz of the Division of Appellate Defense of the South Carolina Commission on Indigent Defense. ECF No. 33-1 at 1. Attorney Savitz filed the initial *Anders* Brief and petition to be relieved on July 30, 2007,[2] raising as the sole ground: "The trial judge erred by failing to direct a verdict acquitting Straws of assault and battery with intent to kill in connection with the owner of the convenience store." ECF No. 33-1 at 4. Petitioner filed a pro se brief on January 30, 2008, stating the following additional issues on appeal:

> The judge in this trial erred by knowing and allowing the appellant-defendant's constitutional right to be violated, knowing that there was no probable cause ever established, violating appellant-defendant's 4th amendment of the U.S. Constitution. 5th Amendment violated by allowing a coherenced [sic] statement to enter the trial.

---

[1] "App." refers to the appendix from the post-conviction relief ("PCR") court hearing. It is located on this court's docket at ECF Nos. 33-9, 33-10, 33-11, 33-12.

[2] *See Anders v. California*, 386 U.S. 738 (1967) (appointed appellate counsel may move to withdraw from representation after certifying a belief that the direct appeal that counsel filed is without merit).

6th Amendment by forcing appellant-defendant into trial with counsel when there was known conflict. Counsel was ineffective and appellant-defendant was also denied a trial by a fair and Impartial jury. Appellant-defendant 8th Amendment was violated by excessive sentenceing [sic].

And the 14th Amendment was violated because all of the above things that took place before and during the trial took the fundamental fairness away from the trial. The judge did not even instruct the jury as to pre-trial publicity. The prosecution in this case, with all their prosecutional Misconduct were also in direct violations with the appellant- defendant's constitutional rights.

ECF No. 33-2 at 4. The State filed its answer brief on March 18, 2008, and, by way of an unpublished opinion, the Court of Appeals dismissed the appeal on September 8, 2009. *State v. Straws*, No. 2009-UP-425 (S.C. Ct. App. Sept. 2009); ECF No. 33-3. The remittitur was issued by the Clerk of the Court of Appeals on September 24, 2009. ECF No. 33-4.

Petitioner filed his first application for post-conviction relief ("PCR") on October 28, 2009. App. 495-99; Case No. 2009-CP-32-4805. In his PCR application, Petitioner set forth the following grounds for relief:

1. "Ineffective Assistance of Trial Counsel with Fraud."
2. "Prosecutorial Misconduct."[3]
3. "Ineffective Assistance of Appellant Counsel."

App. 501, 516, 524. The State filed a return to the application on February 23, 2010. App. 533-38. An evidentiary hearing on the PCR application was held on February 3, 2011 at the Lexington County Courthouse with Honorable R. Lawton Mcintosh presiding. App. 539. Petitioner was represented by at the hearing by Attorney Jonathan Goode, and the State was represented by Assistant Attorney General West Lee. App. 539. Petitioner and his trial counsel testified at the PCR hearing. App. 540.

---

[3] Petitioner's argument on this point in his application also raised the issue of whether the trial court had "subject matter jurisdiction" to try and sentence him. App. 516-20.

In his PCR hearing testimony, Petitioner testified that he requested a preliminary hearing at his bond hearing, but that, even though he was represented by counsel ("trial counsel") at that time, she was not present at the bond hearing. App. 548. Petitioner also testified that the requested preliminary hearing was scheduled but it never occurred because, according to the trial judge, his trial counsel waived the preliminary hearing. App. 550. Petitioner stated that trial counsel visited him one time before he was told that she had waived the preliminary hearing. App. 550. According to Petitioner, trial counsel visited him the day after she waived the preliminary hearing and he told her during that visit that he did not want her to represent him anymore. App. 551. Regarding his PCR claim of ineffective assistance of counsel with fraud, Petitioner stated that his attorney breached the confidence in their relationship and he had no more trust in her after she made the decision to waive the preliminary hearing without his consent. App. 553. He also stated his belief that trial counsel helped shift the burden of proof in his case from the State to the defense because she did not challenge his warrantless arrest based on lack of probable cause. App. 554, 577. He stated that he felt not properly represented at all by trial counsel and that she did not inform him of the nature of the charges against him. App. 557-58. Petitioner testified that he wrote a letter to the trial court requesting that trial counsel be relieved as his counsel, but she claimed she never received the letter. App. 573. He said that when he raised the issue with the trial judge two days before his trial was to begin, he was told that he had to either keep Ms. Fullwood as his counsel or represent himself. App. 560-61, 577. Petitioner also stated that he believed trial counsel was ineffective because she did not properly investigate the charges against him or interview witnesses, App. 561, 576, did not adequately inform him of a possible plea offer, App. 558-60, and did not challenge the search and seizure that resulted in law enforcement finding one of the victim's DNA on his clothing, App. 562. Petitioner also asserted that trial counsel should have done more to remove a juror who allegedly knew one of the victims, App. 565, 582, that she did not call a witness on his behalf whose name

4

Petitioner had given to counsel, App. 575, and that she should have objected to contradictory testimony from one of the victims about the amount of money and property that was taken during the robbery, App. 566. He referred to the victim's testimony as a "perjured statement" that trial counsel should have objected to, App. 567, and he also stated that trial counsel should have moved to change the venue of his trial due to pretrial publicity. App. 567-68, 582. Petitioner said that he felt like trial counsel acted "as a second prosecutor and not a defense attorney . . . not doing what was best . . . in [his] interest." App. 562.

Petitioner testified about the circumstances surrounding the admission of an oral statement ("the statement") that he allegedly gave to Lexington County law enforcement officers on the day he was arrested: December 16, 2005. App. 568-72. Petitioner testified that he told the trial judge during a *Jackson v. Denno* hearing that was held regarding the statement,[4] that he did not make the statement, but that trial counsel did not adequately challenge the statement even though he was drunk and under the influence of drugs at the time it was allegedly made. App. 569. He contended that trial counsel should have gotten a psychiatrist to testify about his poor mental condition at the time the statement was allegedly given and that she should have more strongly challenged the statement based on incorrect times listed in the police report about the statement. Petitioner also stated that trial counsel should have challenged the statement based on the fact that Detective Richardson, who was allegedly on the scene at the time the statement was given, never testified about what was said and what he observed during that time. App. 572. Petitioner stated that because the *Miranda* rights waiver form ("waiver form") he signed that day included a written statement of "I have requested an attorney," all questions should have stopped, but the arresting officer testified that Petitioner continued on and said various things after he signed the waiver form. App. 571. He stated that the

---

[4] *See Jackson v. Denno*, 378 U.S. 368 (1964) (establishing procedures for determining admissibility of a criminal defendant's out-of-court statements).

5

statement was prejudicial and had an effect on the jury, App. 572, and that his trial counsel should have introduced the signed waiver form into evidence at his trial. App. 568. Petitioner also testified that trial counsel was ineffective because she never consulted with him about possible defenses such as "self-defense" and "temporary insanity," and she did not protect his right to confrontation when one of the victims did not testify at trial about what happened during the robbery or about information he gave to law enforcement that was used against Petitioner. App. 569-71, 574-75, 581. Petitioner stated that the prosecutors in his case committed misconduct by doing everything they could to get a conviction, including the use of hearsay evidence from the non-testifying victim, by making prejudicial and unsupported in-court identifications of him as the perpetrator, and by playing on the jury's sympathy. App. 578-79. Petitioner concluded his PCR testimony by asserting that his appellate counsel was also ineffective because he "did not raise any of the above issues . . . , and he said that he felt "that he was conspired against as well as discriminated against." App. 583.

Petitioner's trial counsel testified that she met with Petitioner four times at the detention center and one time when Petitioner was brought to court. She said that she reviewed the charges with Petitioner and heard his version of the events that resulted in the charges during those meetings. App. 585. She testified that Petitioner's version of the events to her was that he was a regular customer of the convenience store and that he was drunk that night and decided to rob the store. App. 586. Trial counsel testified that she filed a Rule 5 *Brady* motion, received the State's evidence, which consisted of police reports, synopsis of what the witnesses said happened, results of DNA testing, photographs, and a digital video of the store. App.586-87. She testified that the video showed the robber with a ski mask on during the robbery, but that he took the mask off as he was leaving, which exposed his face. According to trial counsel, the video showed a person who was dressed like and had the same hairstyle as Petitioner had when he was arrested. App. 587-88. Trial counsel further testified that one of the victims, a store customer, was shot at the top of his neck and paralyzed from

the neck down so that victim did not testify at trial. App. 589. Trial counsel testified that, after meeting with Petitioner, the only witnesses he provided to her was a cousin, a friend of a cousin, and/or a friend who attended Lexington High School who would allegedly testify that the clothes Petitioner was wearing when arrested were shown to Lexington High School students in a criminal justice class. App. 589-90. She also testified that the clothing that Petitioner wore on the night he was arrested had the non-testifying victim's DNA on it, but that it also had DNA from other people on it. She said that she did not think it would be helpful to Petitioner's case to introduce testimony about the clothes being at the high school. App. 590. Trial counsel testified that she went to the robbery scene to see how the cameras were set up, and that she interviewed the DNA technician from SLED to find out about the DNA that was found on Petitioner's jacket. App. 593. She testified that she discussed trial strategy with Petitioner, which included attacking the state's evidence with a *Jackson v. Denno* hearing on the voluntariness of the statement. App.592. According to counsel, her trial strategy was to "poke holes" in the State's case by showing the jury that Petitioner's "inculpatory" statement was never put into writing for him to sign and was only referenced in a police report. App. 592. She said that the strategy was to argue to the jury that failure to preserve or record the statement 1) raised doubt that a statement was made, but, 2) even if it was made, they should doubt the alleged contents of the statement. App. 592-93. Trial counsel testified that she conveyed the State's plea offer to Petitioner but that he seemed more concerned with federal charges that were "also pending." App. 591, 594. She stated that when the preliminary hearing requested by Petitioner was scheduled, she already had the State's discovery materials and that she believed going through the hearing would be "an exercise in futility." App. 594. She testified that she did not consider a challenge to the probable cause for Petitioner's arrest as an option in the case because once a person is "indicted, the case goes to court." App. 594. She further testified that she did not recall the State introducing any evidence that came from a search so she saw no reason to file a motion to suppress evidence.

7

Although her recollection of jury selection was "not sure," she stated that she would have struck anyone who was in the Lexington High criminal justice class. App. 595. Trial counsel testified that she thought it would not be helpful to try to impeach the testifying victim about the discrepancies between the police report and his trial testimony about the amount of money taken in the robbery because "the amount is irrelevant in an armed robbery case." App. 596, 600. She also said that she did not move for a change of venue because the jury interviews did not show that the potential jurors had been exposed to prejudicial pretrial publicity, and that she did not consult with a psychologist or a psychiatrist concerning the voluntariness of Petitioner's statements because her notes did not show that Petitioner ever told her that he was suffering from a concussion or a mental illness at the time he gave the statement. App. 597-98. With respect to Petitioner's waiver form including a written request for an attorney, trial counsel testified that she would need to review the discovery and transcript to "put this in context," but if she thought law enforcement had talked to Petitioner after he requested an attorney, she would have raised the issue with the trial court. App. 598. On cross examination, trial counsel said she did not remember speaking with Petitioner about his wanting to have a preliminary hearing, and that she did not discuss any alibi defense with Petitioner because he said he was "there" at the robbery scene. App. 599.

The PCR court signed an order dated July 28, 2011 denying and dismissing the application with prejudice. App. 612-33. The PCR court issued the following findings of fact and conclusions of law:

### IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings,

the exhibits introduced into evidence at the hearing, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (2003), this Court makes the following findings of fact based upon all of the probative evidence presented.

### 1. Ineffective Assistance of Counsel

#### a. Applicant's allegation that trial counsel was ineffective based on fraud.

Applicant's allegation that trial counsel was ineffective based on fraud is without merit. The Applicant claims he was prejudiced by trial counsel waiving the preliminary hearing because valuable evidence was lost such as possible impeachment, warrants should have been challenged, and knowing what the state planned to produce at trial was important. Trial counsel testified that when the preliminary hearing was scheduled, she had already received the discovery materials from the State. Trial counsel also testified that she did not consider a challenge to the probable cause of the initial arrest as an option because once the Applicant is indicted, the case goes to trial. Trial counsel stated under oath that she gave the discovery materials to the Applicant and met with him multiple times to discuss Applicant's case. This Court finds no evidence suggesting any type of fraudulent actions by trial counsel. Applicant has failed to meet his burden of proving trial counsel's performance was deficient. This Court finds that Applicant failed to show that he was prejudiced by counsel's alleged deficient performance. Furthermore, our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). Applicant's trial counsel articulated valid strategic reasons for waiving the preliminary hearing. This Court finds that Applicant has not shown that counsel was deficient in that choice of tactics. Therefore, this allegation is denied and dismissed,

#### (b)    Applicant's allegation that trial counsel was ineffective for failing to spend enough time with Applicant in preparing for trial.

Applicant's alleges that trial counsel was ineffective for failing to spend enough time with Applicant preparing for trial; specifically, the Applicant alleges trial counsel was ineffective for failing to inform Applicant of the nature and elements of the charges against him; for failing to discuss defenses of self-defense and temporary insanity; and for failing to discuss and/or investigate alibi testimony. As to Applicant's allegation trial counsel failed to inform him of the nature and elements of the charges, this Court finds Applicant's testimony to be not credible. This Court does find trial counsel credible. Trial counsel stated under oath that during her meetings with the Applicant, trial counsel reviewed the

charges with the Applicant and discussed with him the Applicant's version of the events. This Court finds and the record reflects the Applicant was fully apprised of the charges against him and the nature of such charges, therefore Applicant is unable to prove trial counsel's performance was deficient.

As to Applicant's allegation trial counsel failed to discuss potential defenses of self-defense and temporary insanity, this Court finds Applicant has failed to meet his burden of proof. Trial counsel testified that she and the Applicant did not discuss self-defense because it would not be available to the Applicant because Applicant's case and the facts surrounding his case did not fall within the four (4) elements. Additionally, trial counsel testified that she and the Applicant did not discuss the defense of temporary insanity because the Applicant never communicated to trial counsel that he had ever suffered from any mental illness or was insane. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) and McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). This Court finds that trial counsel articulated valid strategic reasons for not pursuing defense of self-defense and temporary insanity. The Applicant has not shown that counsel was deficient in that choice of tactics.

As to Applicant's allegation that trial counsel failed to discuss and/or investigate alibi testimony, this Court find Applicant's allegation is without merit. To establish an alibi defense and thus be entitled to an instruction of alibi, a defendant must present some evidence that he was at another place at the time of the crime and could not therefore have committed the crime. State v. Diamond, 280 S.C. 296, 297, 312 S.E.2d 550 (1984), *quoting* State v. Robbins, 275 S.C, 273, 271, S.E.2d 319 (1980). A simple denial of one's presence at the scene does not constitute an alibi. *Id.*

This Court finds the Applicant presented no evidence of any alleged alibi. Trial counsel testified that she did not discuss alibi testimony with the Applicant because the Applicant told trial counsel that he was present at the scene of the crime. Furthermore, Applicant failed to produce any alibi witnesses at the PCR evidentiary hearing. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992): Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998). This Court finds that the Applicant has failed to meet his burden of proof; therefore, this allegation is denied and dismissed.

>    **(c)    Applicant's allegation that trial counsel was ineffective**
> **for failing to interview witnesses and victims prior to trial, and not calling**
> **witness to testify at trial.**

This Court finds that Applicant's allegations that trial counsel was ineffective for failing to interview witnesses and victim prior to trial and not calling a witness to testify at trial are without merit. At the PCR evidentiary hearing, the Applicant presented no witnesses on his behalf nor did either of the victims testify. Prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998). This Court finds that the Applicant has failed to meet his burden of proof; therefore, this allegation is denied and dismissed.

>    **(d)    Applicant's allegation that trial counsel was ineffective**
> **for failing to investigate and failing to review discovery material.**

Applicant alleges that trial counsel was ineffective for failing to adequately investigate Applicant's case and preparing for trial, for failing to challenge the indictments, and for failing to review discovery materials with the Applicant. As to Applicant's allegation that trial counsel failed to adequately investigate Applicant's case, this Court finds Applicant's allegation is without merit. At the PCR evidentiary hearing, trial counsel testified that she filed a Rule 5 Brady motion and received the state's evidence. Said evidence consisted of police reports, synopsis of witness statements, results of DNA testing, photographs, and a digital video of the store. Trial counsel testified she and the Applicant reviewed the discovery materials together. Trial counsel testified that in her investigation she interviewed the DNA technician from SLED; trial counsel conducted legal research in the area of ABWIK versus ABHAN; and trial counsel visited the scene of the robbery and spoke with people at the scene. Additionally, trial counsel testified that she and the Applicant met four (4) times, during which they discussed the charges against the Applicant and the Applicant's version of the events. This Court finds that, contrary to Applicant's claim, counsel conducted an investigation into the Applicant's case and the Applicant's assertions are mere speculation. Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result. Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998). To establish counsel failed to adequately prepare for trial, Applicant must present evidence of what counsel could have discovered or what other defenses

could have been pursued had counsel more fully prepared. <u>Jackson v. State</u>, 329 S.C. 345,495 S.E.2d 768 (1998). Here, the Applicant did not present any evidence of what counsel failed to discover or other defenses that could have been pursued had counsel more fully prepared. This Court finds there has been no showing by the Applicant of what counsel could have discovered based upon additional investigation. <u>Id</u>. This Court finds that Applicant has failed to meet his burden of showing that counsel was deficient in his investigation; therefore this allegation is denied and dismissed.

> *(e)    Applicant's allegation that trial counsel was ineffective for the trial strategy employed at trial.*

Applicant alleges that trial counsel was ineffective for the trial strategy employed at trial in the following ways: failing to object to perjurious testimony by the victim regarding the amount of money taken; failure to put Miranda right sheet (signed by Applicant and asking for an attorney) into evidence; and failing to object to any testimony regarding oral statement given by Applicant in violation of Applicant's 5th Amendment rights. As to Applicant's allegation that trial counsel was ineffective in failing to object to inconsistent testimony regarding the amount of money taken by the victim, this Court finds this allegation is without merit. Trial counsel testified that she did not see anything objectionable with respect to the amount of money involved in the robbery because the amount is irrelevant in an armed robbery case. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. <u>Whitehead v. State</u>, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* <u>Dempsey v. State</u>, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* <u>McLaughlin v. State</u>, 352 S.C. 476, 575 S.E.2d 841 (2003). Trial counsel further stated that under the facts of the case and the way, the particular manner this witness that you would impeach that way, it would not have been helpful to try to do that. This Court finds that trial counsel articulated valid strategic reasons for not objecting to testimony regarding the amount of money involved in the robbery, and that Applicant has not shown that counsel was deficient in that choice of tactics. This Court, further, finds that the Applicant has failed to show that he suffered any prejudice from counsel's alleged deficient performance. This Court finds that Applicant has failed to meet his burden of proof; therefore, this allegation is denied and dismissed.

As to Applicant's allegations that trial counsel was ineffective for failing to put the Miranda right sheet signed by Applicant into evidence, as well as for failing to object to any testimony regarding the oral statement given by the Applicant, this Court finds that Applicant has failed to meet his burden of proving trial counsel's performance was deficient. At the PCR evidentiary hearing, trial counsel testified that if she had thought that the police had talked to the Applicant after Applicant requested an attorney, then trial counsel would have raised the issue. Also, trial counsel testified that her trial strategy concerning this matter was

to show the jury the Applicant's oral statement was never put into writing for the Applicant to sign, that it was memorialized in a police report. Trial counsel further explained the strategy included arguing failure to preserve [on the part of the investigating officers] or somehow record the statements to make the jury doubt; first, that there was a statement; and second, the contents of the statement. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 1l9, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). This Court finds that trial counsel articulated valid strategic reasons for not introducing the Miranda right sheet into evidence and not objecting to testimony regarding oral statements made by the Applicant and that Applicant has not shown that counsel was deficient in that choice of tactics. This Court finds that Applicant has failed to meet his burden of proof; therefore, this allegation is denied and dismissed.

> ***(f)     Applicant's allegation that trial counsel was ineffective for failing to employ a psychiatrist at trial and failing to obtain Applicant's medical records.***

Applicant alleges that trial counsel was ineffective for failing to employ a psychiatrist at trial to testify about Applicant's condition at the time of his arrest, and for failing to obtain Applicant's medical records to show Applicant's condition. At the PCR evidentiary hearing, trial counsel testified that she did not consult a psychiatrist concerning the voluntariness of Applicant's statement because it would not have been helpful. Trial counsel also testified that the Applicant never alerted her that he may have been suffering from a slight concussion at the time Applicant gave the statement. This Court finds that Applicant did not present any testimony from a psychiatrist or psychologist regarding his mental state and/or condition at the time of Applicant's arrest at the PCR hearing. This Court finds that prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at the post conviction relief hearing. Underwood v. State, 309 S.C. 560, 425 S.E.2d 20 (1992); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his burden of showing prejudice. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993); Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998). This Court further finds that Applicant did not present any medical records at the PCR hearing, The Applicant failed to present any such witnesses or evidence at the PCR hearing. This Court finds that Applicant has failed to meet his burden of proof; therefore, this allegation is denied and dismissed.

> **(g)** ***Applicant's allegation that trial counsel was ineffective for failing to move for a change of venue and in the jury selection process.***

This Court finds Applicant's allegations that trial counsel was ineffective for failing to move for a change of venue and during the jury selection process are without merit. At the PCR evidentiary hearing, trial counsel testified that she did not make a motion for a change of venue because after voir dire of the jurors there was nothing to show that there was pre-trial publicity exposure to the extent that one would need to make that motion. Exposure to pretrial publicity does not automatically disqualify a prospective juror. Instead, an Applicant must show that the jury was unable to lay aside any impressions or opinions and could not render a verdict based on the evidence presented at trial. "The relevant question is not whether the community remembered the case, but whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant." Patton v. Yount, 467 U.S. 1025, 1035, 104 S. Ct. 2885, 2891, 81 L.Ed.2d 847, 856 (1984). The defendant bears the burden of showing actual prejudice. State v. Caldwell, 300 S.C. 494, 388 S.E.2d 816 (2990). This Court finds that aside from his bare assertions, the Applicant has failed to present any support, testimony, or evidence that the jury at Applicant's trial was unable to lay aside any impressions and could not render an impartial verdict. This Court finds that Applicant failed to meet his burden of proof that trial counsel's performance in not moving for a change of venue was deficient. The Applicant additionally, has failed prove any resulting prejudice from trial counsel's alleged deficient performance. This Court finds that this allegation is denied and dismissed.

As to Applicant's allegation that trial counsel was ineffective during the jury selection process, the Applicant alleges that "counsel did not object to the jury not being drawn from a fair cross-section of the community." At the PCR evidentiary hearing, trial counsel testified that in regards to the jury selection, she would have struck anyone who had been students at Lexington High. In order to establish a prima facie violation of the fair cross-section requirement, the defendant must show that 1) the group excluded is a "distinctive" group in the community; 2) the representative of this group in venires from which juries are selected is not a fair and reasonable in relation to the number of such persons in the community; and 3) this underrepresentation is due to a systematic exclusion of the group in the jury selection process. State v. Patterson, 324 S.C. 5, 21, 482 S.E.2d 760, 767-68 (1997). This Court finds that except for the Applicant's broad assertion that the jury pool was not an adequate cross-section of the community, the Applicant has failed to provide any evidence or testimony concerning this matter. The Applicant has not offered a different strategy than what trial counsel used, nor has the Applicant shown he was prejudiced by the jury. This Court finds that Applicant has not presented any evidence that a distinctive group was underrepresented or that there was a systematic exclusion of a distinctive group. This Court finds that Applicant has failed to meet his burden of proof; therefore,

this allegation is denied and dismissed.

### 2. Lack of Subject Matter Jurisdiction

The Applicant alleges that the trial court lacked subject matter jurisdiction due to defects in his indictment. Defects in the indictment do not affect subject matter jurisdiction. *See* State v.Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); U.S. v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002). The indictment is a notice document, and any challenges to its sufficiency must be made in accordance with S.C. Code Ann. § 17-19-90(2003). *See also* S.C. Code § 17-19-20(2003). Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. *See* Gentry, *supra*; Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994).

This Court finds that Applicant may still challenge the subject matter jurisdiction of the trial court, and such a claim is one that may be raised at any time. *See* Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001), *overruled in part by* Gentry, *supra*. However, "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." Gentry, *supra*, 610 S.E.2d at 499; *See also* S.C. Const. Art. V, § 7. This Court finds that the Applicant has failed to present evidence that his case is of some class over which the circuit court does not have the authority to preside. The Applicant's conviction involved a criminal charge in General Sessions Court. Thus, the circuit court had subject matter jurisdiction. Therefore, this Court finds that this allegation is denied and dismissed.

### 3. Prosecutorial Misconduct

The Applicant has alleged prosecutorial misconduct in the following instances: by not allowing a preliminary hearing; by the solicitor inserting his personal opinion in opening and closing arguments as to what occurred the night of the crime and pointing and identifying Applicant as the perpetrator; by the solicitor eliciting perjurious testimony; and Brady violations. It is Applicant's burden to prove actual prosecutorial misconduct. Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201 (1989). This Court, finds that trial counsel waived the preliminary hearing, and that the prosecution did not engage in any misconduct. Additionally, this Court finds that the Applicant has not pointed to any specific comments made by the solicitor during his opening and closing, except for Applicant's broad assertion that the solicitor inserted his personal opinion. This Court finds that the solicitor's closing arguments must be viewed in the context of the entire record. McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). While the State's closing arguments must be confined to evidence in the record and the reasonable inferences that may be drawn from the evidence, State v. Copeland, 321 S.C. 318, 468 S.E.2d 620 (1996); to be entitled to a new trial for improper closing arguments Applicant must show "the Solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of

due process." State v. Hamilton, 344 S.C. 344, 362, 543 S.E.2d 586, 596 (2001). After reviewing the entire record, this Court does not find that any comments or questions by the solicitor so infected the trial that a new trial is warranted. This Court is not convinced that the solicitor's arguments even reach the level of being improper, but certainly there is no evidence that Applicant was prejudiced.

As to Applicant's allegation of a Brady violation, this Court finds this allegation is without merit. Trial counsel testified that she received the state's evidence, including but not limited to police reports, summaries of witness statements, DNA results, photographs, and a digital video of the store. The Applicant provided no evidence or testimony showing that the state withheld any evidence from the defense in this case at the PCR hearing. In evaluating post-trial Brady claims, the Applicant must show that (1) the prosecution suppressed evidence, (2) the evidence would have been favorable to the accused, and (3) the suppressed evidence is material. United States v. Wolf, 839 F.2d 1387 (10th Cir. 1988). A Brady violation does not warrant reversal if the evidence is merely cumulative or impeaching. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993). "Impeachment or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id., 434 S.E.2d at 268. Accordingly, the Applicant has failed to meet his burden of proof, therefore this allegation is denied and dismissed.

### 4. Ineffective Assistance of Appellate Counsel

This Court finds that Applicant's allegation that appellate counsel was ineffective is without merit. The Applicant did not present testimony or evidence concerning this claim at the PCR hearing. This Court finds that a defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However. appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985).

The Applicant must show that appellate counsel's performance was deficient and that he was prejudiced by the deficiency. Thrift, Id. at 537; Gilchrist v. State, 364 S.C. 173, 612 S.E.2d 702 (2005); Anderson v. State, 354 S.C. 431, 581 S.E.2d 834 (2003). When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). Generally, the

presumption of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. Id. This Court finds there is nothing in the record to indicate that the alleged ignored issues are clearly stronger than those actually raised. This Court finds that Applicant has failed to meet his burden of proof: therefore, this allegation is denied and dismissed.

### V. CONCLUSION

Based on all the forgoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application for post conviction relief. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 620-33. Petitioner filed a timely notice of appeal.[5] App. 637. On July 30, 2012, Attorney Dayne C. Phillips submitted a *Johnson* petition for writ of certiorari,[6] asserting the point for review: "Did the PCR court err in finding that trial counsel provided effective assistance of counsel where trial counsel's professed trial strategy for not introducing 'the Miranda rights sheet' into evidence was not objectively reasonable." ECF No. 24-5 at 2. Petitioner filed a supplemental pro se petition on August 15, 2012, raising two additional issues for review: 1) "Did General Sessions Court Have jurisdiction to try Petitioner?" and 2) "CAN THE STATE OF SOUTH CAROLINA MAINTAIN A

---

[5] While the PCR appeal was pending, the Petitioner filed a second application for post-conviction relief on November 22, 2011. ECF No. 24-13. In the application, he alleged: "Ineffective assistance of PCR or Appellate Counsel . . . For failing to comply with SC Code ann.: § 17-20-100 violating Applicant's Due Process rights of the Fourteenth Amendment by failing to appeal judge's order of dismissal. *Id*. at 3. Petitioner filed an amended application claiming that his "[c]ounsel was ineffective by waiving Petitioner's preliminary hearing without his consent," and that "[t]he court lack subject matter jurisdiction to try Petitioner . . ." because he had timely requested a preliminary hearing, and that the trial judge allowed the action to continue. ECF No. 24-14 at 1-2. The second PCR application was dismissed as successive and time barred on August 7, 2013. *See* Lexington County Clerk of Court records at: http://cms.lex-co.com/SCJDWeb/PublicIndex/CaseDetails.aspx?County=32&CourtAgency=32002&Casenum=2011CP3204444&CaseType=V (last consulted December 9, 2014).

[6] *See Johnson v. State*, 364 S.E.2d 201 (1988) (appointed PCR appellate counsel may move to withdraw from representation after certifying a belief that the petition counsel filed is without merit).

17

CONVICTION THAT RESULTED FROM AN ILLEGAL GRAND JURY, A VOID INDICTMENT AND CRIMINAL ACTS." ECF No. 33-6 at 4, 13. The South Carolina Supreme Court denied the petitions by written order on November 7, 2013. ECF No. 33-7; *Straws v. State*, Case No. 2012-207148, and issued the remittitur on November 25, 2013. ECF No. 33-8.

II.    Discussion

    A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Violation of Petitioner's Fifth Amendment right of the United States Constitution . . .There was a statement obtained in violation of Petitioner's Due Process rights that was used against him in trial to obtain a conviction. Petitioner has right against self-incrimination.
> . . . .
>
> GROUND TWO: Violation of Petitioner's Sixth Amendment right of the United States Constitution . . . Ineffective Assistance of counsel/Ineffective Assistance of counsel based on deficient representation in litigating a Fourth Amendment issue. Petitioner was arrested, searched, and seized without warrants. Counsel made no challenge but instead waived Petitioner's lawful right to a preliminary hearing without even consulting with him. Denying Petitioner's rights to Confrontation Clause and this allowed hearsay as well as other evidence that should have been challenged to enter trial. Conflict of interest.
> . . . .
>
> GROUND THREE: Prosecutorial Misconduct and significant judicial error . . . The Prosecution knew Petitioner was not given a preliminary hearing and they lack jurisdiction to prosecute. Then conspired with other members of the court to obtain indictments that were sham legal processed and the subject of fraud. The Prosecution also did several things during the trial to influence the jury by contaminating their minds.
> . . . .
>
> GROUND FOUR: Violation of Petitioner's Fourteenth Amendment right of the United States Constitution . . . All of the violations of Petitioner's Due Process rights have made it impossible for him to enjoy the right to a <u>fair</u> trial guaranteed by the United States Constitution. The prejudicial acts by the state have left Petitioner illegally detained. Making his sentence cruel and unusual punishment.

18

A violation of Petitioner's Eighth Amendment right. The Petitioner has been discriminated against. This is a fundamental Miscarriage of Justice.

Pet. 5-10, ECF No. 1.

> B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

        C.        Habeas Corpus Standard of Review

                1.        Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

                a.        Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in

20

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at _, 131 S. Ct. at 786-87. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 131 S. Ct. at 786. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or

erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.    Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at _, 131 S. Ct at 788 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection

with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at __, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

## 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate, but related, theories of exhaustion and procedural bypass operate in a

similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues

24

that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise

that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

26

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome Respondent's contention, it is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1362-63 (4th Cir. 1995).

c.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the

27

court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

3.    Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id.*

III.    Analysis

  A.    Ground One: Petitioner's Claim that Admission of his Statement at Trial Violated his Fifth Amendment Rights

    1.    The Parties' Positions

Respondent contends that this Ground should be dismissed without consideration of the merits because it is too vague, conclusory, and lacking in factual detail. ECF No. 33 at 13-15. Respondent further contends that this Ground should be dismissed on the merits because the record shows that Petitioner's Fifth Amendment rights were adequately protected by his trial counsel's strategic decision to move to suppress the statement as involuntary due to Petitioner's allegedly intoxicated state when he gave the statement and by the trial court's careful consideration of the admissibility of the statement during the *Jackson v. Denno* hearing. *Id.* at 20-21. Respondent contends that there was sufficient evidence before the trial judge to support his finding that the statement was voluntarily given after Petitioner received his *Miranda* rights,

but before he invoked his right to counsel. *Id.* at 22. Petitioner responds that he has provided this court with adequate supporting facts to require consideration of the merits of this Ground. ECF No. 38 at 4. Petitioner attaches copies of his state appellate-court pleadings and the state appellate-court decisions to his Response, ECF Nos. 38-1 through 38-5, but he does not directly respond to Respondent's contentions on this Ground in the body of his Response other than to contend, generally and in a conclusory manner, that he was "abandoned" by his trial and appellate counsel and that he was denied due process and equal protection and subjected to cruel and unusual punishment. ECF No. 38 at 6.

> 2.      Petitioner Has Not Shown That Admission of His Statement Violated His Fifth Amendment Rights

Applicable law requires a petitioner in a federal habeas corpus action to clearly inform the court of the factual basis for each of the grounds stated in the petition. *See Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977) (summary disposition of habeas petition appropriate where allegations are vague or conclusory); Rule 2 (c)(2), Rules Governing Section 2254 Cases ("The petition must . . . state the facts supporting each ground. . . ."). Additionally, a litigant's failure to specifically respond to any point for summary judgment raised by the litigant's opponent is properly considered a waiver of that point by the litigant who fails to respond. *See Petrucelli v. Dep't of Justice*, No. 11–1780(RBW), 2014 WL 2919285, at *7 (D.D.C. June 27, 2014) (prisoner case; citing *Maydak v. DOJ*, 579 F. Supp. 2d 105, 107 and holding that lack of response to a point raised in a motion for summary judgment amounts to a concession of that point) (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). Although this court is required to liberally construe Petitioner's pro se pleading, it is not required

to read Petitioner's mind or to make his arguments for him. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). While a litigant may attach documents and incorporate them by reference in pleadings, this court is not required to expend excessive judicial resources in an attempt to interpret a "shotgun" pleading. *See Hinton v. TransUnion, LLC*, 654 F. Supp. 2d 440, 446-47 (E.D. Va. 2009) (excessive incorporation by reference in a pleading creates unnecessary confusion); *Dinkins v. Charoen Pokphand USA, Inc.*, 133 F. Supp. 2d 1254, 1261 (D. Ala. 2001) (a lawsuit should not be a "game of hide the peanut"); *see also Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) ("A habeas proceeding is not a fishing expedition."). Insofar as a merits consideration is concerned, however, it is settled law that, as a general matter, trial counsel's reasonable strategic decisions regarding the conduct of a criminal trial do not show ineffective assistance and do not require federal habeas relief. *See Emmett v. Kelly*, 474 F.3d 154, 171 (4th Cir. 2007) (finding no prejudice to petitioner from counsel's trial strategy not to call certain witnesses in mitigation); *Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2005) (refusing to misuse "power of hindsight" to second guess trial counsel's "plausible strategic judgments.") (quoting from *Bunch v. Thompson*, 949 F.2d 1354, 1364 (1991)).

The PCR court found that Petitioner did not sustain his burden of proving that his trial counsel's representation of him concerning the admissibility of the statement he gave at the time of time of his arrest was ineffective. App. 626-27. The PCR court determined that trial counsel's decision to challenge the statement based on Petitioner's allegedly intoxicated condition and not on the basis of a *Miranda* violation was a reasonable strategic tactic. App. 526.

The undersigned has reviewed the parties' filings and the record before the PCR court and finds that Respondent's Motion for Summary Judgment should be granted on Petitioner's

30

Ground One. As an initial matter, Petitioner's Response to the Motion is so factually inadequate insofar as this Ground is concerned that the court would be justified in concluding that Petitioner waived the Ground. Although it appears that Petitioner wants this court to find factual support for his Fifth Amendment claim within the contentions and allegations he and/or his two different appellant attorneys made on his behalf in the South Carolina state court system, to do so requires the court to exceed the requirements of the rule that it liberally construe pro se pleadings. Petitioner's attachment of his various state-court filings to his Response and his apparent reliance on the contents of those attachments in opposition to Respondent's contention of inadequately factual support for his claim, ECF No. 38 at 4, presents a classic "shotgun pleading" situation. *See Hinton v. TransUnion, LLC*, 654 F. Supp. 2d at 446-47; *Dinkins v. Charoen Pokphand USA, Inc.*, 133 F. Supp. 2d at 1261. This court should not be required to expend an unreasonable amount of judicial resources in an attempt to make Petitioner's arguments for him.

Alternatively, independent review of the pleadings and records fully supports the PCR court's determination that Petitioner's trial counsel's representation regarding the admissibility of Petitioner's statement was not ineffective. Trial counsel made a reasonable strategic decision to challenge the voluntariness of the statement based on Petitioner's alleged intoxication at the time the statement was given. *See Sexton v. French*, 163 F.3d 874, 887 (4th Cir. 1998) ("Obviously, this tactical decision made by . . . trial counsel cannot be second-guessed by this court . . . ."); *Fitzgerald v. Thompson*, 943 F.2d 463, 469 (4th Cir. 1991) ("[T]rial counsel made reasonable tactical decisions that should not now be second-guessed on collateral review."). Trial counsel testified that Petitioner never told her that he had a mental illness, so her failure to employ a psychiatrist to testify at the hearing on her motion to suppress was not ineffective. Also, trial counsel's PCR testimony indicated that she was never under the impression that the

31

statement was taken in violation of Petitioner's invocation of his right to counsel and Petitioner's

testimony about the timing of the statement vis-a-vis the invocation is, at most, ambiguous. A

Lexington County Sheriff's detective testified at the *Jackson v. Denno* hearing that Petitioner

gave his statement after *Miranda* rights were read to him, but before he signed the waiver form

and invoked his right to counsel. App. 71, 75. Petitioner never said directly at either trial or the

PCR hearing that any part of the statement was given after he invoked his right to counsel.

Instead, his testimony at the *Jackson v. Denno* hearing was that he did not clearly recall the

circumstances surrounding the giving of the statement, ECF No. 33-9 at 121, 124-29, and his

PCR testimony was that he told the trial judge that he did not make the statement, App. 569, and

he thought his trial counsel should have more strongly challenged the statement under *Miranda*

principles by having his signed *Miranda* form admitted into evidence. App. 568, 57. Although

the PCR judge did not expressly state that he made a credibility determination regarding this

issue, it appears that he did so and this court must defer to his decision to discount Petitioner's

contentions. *See, e.g.*, *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008); *Wilson v. Ozmint*,

352 F.3d 847, 858-859 (4th Cir. 2003); see also *Marshall v. Lonberger*, 459 U.S. 422, 434

(1983) ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose

demeanor has been observed by the state trial court, but not by them). Based on this record,

Petitioner has not shown that the PCR court's decision rests on an improper determination of the

facts or that it represents an unreasonable application of federal law. *See* 28 U.S.C. § 2254(e)(1)

(to be entitled to habeas relief, petitioner must prove by clear and convincing evidence that the

state court unreasonably determined the facts in light of the evidence presented in state court).

      Accordingly, the undersigned recommends that Ground One as stated in the Petition be

dismissed and that Respondent's Motion for Summary Judgment on that Ground be granted.

    B.  Ground Two, Petitioner's Claim That His Sixth Amendment Rights Were Violated By His Trial Counsel's Failure to Challenge Probable Cause For His Arrest

      1.  The Parties' Positions

Respondent contends that, as a freestanding Fourth-Amendment-violation claim, this Ground is "barred" because there was no contemporaneous objection at trial to any evidence that was allegedly obtained as the result of the warrantless arrest and Petitioner does not show "cause" for his failure to raise the issue previously. ECF No. 33 at 23. Respondent also contends that even if this Ground as a freestanding Fourth Amendment claim were properly before this court, it does not require habeas relief because Petitioner had a full and fair hearing on the circumstances surrounding his arrest in connection with his trial. *Id*. at 24. Respondent further contends that, as a freestanding claim, this Ground is too vague for this court to consider, especially where it was not specifically addressed by the PCR court and where trial counsel testified that she did not file a Fourth-Amendment-based motion to suppress because the State did not introduce anything obtained from a search and seizure.[7] *Id*. Respondent also contends that, insofar as this Ground is considered an ineffective-assistance claim based on trial counsel's waiving of a preliminary hearing in Petitioner's case, it does not require habeas relief because a preliminary hearing is not constitutionally required and the PCR court properly determined that trial counsel had valid and reasonable strategic reasons for waiving preliminary hearing in Petitioner's case. *Id*. at 27. Finally, Respondent contends that Petitioner's assertion that trial counsel was ineffective for allowing hearsay evidence into his trial is too lacking in factual

---

[7] The PCR judge discussed Petitioner's contention that trial counsel should have challenged his warrantless arrest in his discussion of Petitioner's claim that trial counsel committed "fraud" by waiving preliminary hearing. The judge found that trial counsel's choice not to challenge the arrest post-indictment was a reasonable strategy. App. 621.

specificity for this court to consider, that his allegation of "conflict of interest" between him and his counsel regarding the preliminary-hearing issue was properly rejected by the PCR court, and that the PCR properly rejected his claim of constitutional violation in connection with the trial court's refusal to appoint different trial counsel when he complained about the preliminary-hearing issue. *Id*. at 28. Petitioner responds that trial counsel was ineffective and created a conflict of interest when she waived preliminary hearing in his case without consulting him or obtaining his consent. ECF No. 38 at 5-6. Petitioner responds that this court must presume that he was prejudiced by the trial court's denial of due process and equal protection to him when it refused to appoint new counsel to conduct a preliminary hearing in his case and then imposed an excessive sentence after he was convicted. *Id*. at 6.

> 2.  Petitioner's Sixth Amendment Rights Were Not Violated By Trial Counsel's Waiving of Preliminary Hearing or By the Trial Court's Refusal to Appoint Different Counsel

In South Carolina, an accused person is not constitutionally entitled to a preliminary hearing. *State v. Keenan*, 278 S.C. 361, 296 S.E.2d 676 (1982). Also in South Carolina, a grand jury indictment overrides any potential probable-case-based challenge to a warrantless arrest. *Whitner v. Duke Power Co*., 288 S.E.2d 389, 390 (SC. 1982) (true billed indictment is prima facie evidence of probable cause). Additionally, other federal courts have found that trial counsel is not ineffective when failure to challenge probable cause for an arrest is based on a reasonable strategic or tactical choice. *See, e.g., Bruce v. Cain*, No. 13-6435, 2014 WL 6713117, at *10-11 (E.D. La. Nov. 26, 2014); *U.S. ex rel. Williams v. Pierce*, No. 09 C 7369, 2012 WL 3835829, at *7-8 (N.D. Ill. Sept. 4, 2012). Also, under federal law, an indigent defendant is constitutionally entitled to have legal counsel appointed, but that defendant is not entitled to choose counsel to be appointed or to have a "meaningful relationship" with appointed counsel. *Morris v. Slappy*, 461

34

U.S. 1, 13-14 (1983); *see also United States v. Gonzalez-Lopez*, 548 U.S. 240, 151 (2006).

The PCR court determined that trial counsel's waiver of preliminary hearing was a reasonable strategic and tactical decision because Petitioner was indicted by a grand jury, preliminary hearing is not a constitutional right, and trial counsel had already received the State's discovery material before a preliminary hearing was scheduled. App. 621. Having reviewed the parties' submissions to the court and both the trial and PCR transcripts, the undersigned agrees with Respondent's position in this matter.

Initially, to the extent that Petitioner's allegations may be liberally construed as attempting to state a freestanding Fourth-Amendment-violation claim, this court should not address it because any such claim is procedurally bypassed. As Respondent contends, trial counsel did not raise any Fourth-Amendment-based objections to any evidence that was introduced at Petitioner's trial and neither Petitioner, his PCR counsel, nor either of his appellate attorneys raised any point for relief specifically based on an alleged Fourth Amendment violation. As a result, none of the South Carolina state courts that considered or reviewed Petitioner's case addressed any Fourth Amendment issues regarding Petitioner's arrest or regarding any evidence obtained by law enforcement as a result of the arrest. Other than his broad and conclusory assertions that trial counsel created a "conflict of interest" when she waived a preliminary hearing in his case and his broad and conclusory claim that this court should "presume" that he was prejudiced by trial counsel's representation, ECF No. 38 at 6, Petitioner does not show cause for his and his counsel's failure to clearly place any Fourth Amendment claim before the South Carolina state courts. *See Coleman v. Thompson*, 501 U.S. at 750. Moreover, as the PCR court noted and Respondent contends, when Petitioner was indicted by the grand jury, any plausible challenge to probable cause for Petitioner's arrest was

35

foreclosed. Thus, in addition to his failure to show "cause" for bypassing this issue, even though this court is not required to consider it, *see Turner v. Jabe*, 58 F.3d at 931, Petitioner also fails to show "prejudice" from counsel's failure to preserve a freestanding Fourth Amendment claim. *See Martinez v. Ryan*, 132 S. Ct. at 1316 (petitioner must show both cause and prejudice to overcome procedural bypass).

To the extent that this Ground is construed as a Sixth-Amendment-based claim of ineffective assistance of trial counsel, review of the parties' submissions and the record in this case shows that Petitioner failed to show that trial counsel's decision to waive preliminary hearing was ineffective, and that the PCR court's finding that the decision was a reasonable and strategic one was proper. Although Petitioner has consistently complained that he wanted a preliminary hearing and that trial counsel's decision to waive such hearing broke his trust in her representation, App. 550-53; ECF No. 38 at 6-7, he has not disputed Respondent's contention that he was not constitutionally entitled to any such hearing or that legal counsel may validly waive such hearing on a client's behalf. Also, trial counsel's PCR testimony that she chose not to go forward with a preliminary hearing because it would be futile where Petitioner was formally indicted and she had already received the State's discovery materials supports the PCR court's finding that the waiver was a reasonable tactical decision and not ineffective assistance of counsel. Because trial counsel was not ineffective in her decision to waive preliminary hearing, Petitioner also fails to show that any of his federal constitutional rights were violated by the trial court's refusal to appoint different counsel for him. *See United States v. Gonzalez-Lopez*, 548 U.S. at 151 (indigent defendants are not entitled to choose appointed counsel). Finally, the undersigned agrees with Respondent's contention that Petitioner fails to identify the "hearsay" evidence to which he refers in this Ground, ECF No. 33 at 28, and the court should not be

36

required to search through his numerous attachments to his Petition is an effort to make his arguments for him. *See Beaudett v. City of Hampton*, 775 F.2d at 1278. However, assuming that Petitioner is complaining about trial counsel's handling of testimony from the law enforcement witnesses about information they allegedly received from the non-testifying robbery victim (Mr. Sulton), App. 276-77, 229-300, 302, 375, it is widely held that decisions about how to conduct cross examination and when to object to testimony are generally considered to be strategic or tactical decisions and entitled to deference by the courts. *See Thomas v. Thaler*, 520 F. App'x 276, 281-82 (5th Cir. 2013); *Canslor v. Clarke*, No. 2:13-cv-116, 2014 WL 4230397, at *11 (E.D. Va. Aug. 25, 2014) (citing *Sallie v. North Carolina*, 587 F.2d 636, 640 (4th Cir. 1978)). The PCR court correctly determined that Petitioner did not sustain his burden of showing that his trial counsel was ineffective for not challenging the constitutionality of his arrest.

Accordingly, Petitioner's Ground Two as stated in the Petition should be dismissed and Respondent's Motion for Summary Judgment on that ground should be granted.

    C.    Ground Three, Petitioner's Claim of Prosecutorial Misconduct and Significant Judicial Error

    1.    The Parties' Positions

Respondent contends that Petitioner has not shown that the trial court committed any judicial error or that prosecutors engaged in misconduct in going forward with the trial against Petitioner where trial counsel reasonably waived preliminary hearing, the grand jury was properly convened, and the court clearly had subject-matter jurisdiction to try the case. ECF No. 33 at 32. Respondent also contends that Petitioner's contentions that the prosecutors did undisclosed things to influence the jury or failed to disclose *Brady* material to the defense are too vague and conclusory for this court to consider. *Id*. at 32-33. Petitioner responds that

prosecutorial misconduct in his case resulted in "sham indictments" and prosecution "fraud" when they proceeded with the trial against him knowing that his requested preliminary hearing had been wrongfully waived without his consent. ECF No. 38 at 7.

> 2.    Petitioner Has Not Shown That His Constitutional Rights Were Violated by Prosecutorial Misconduct

Petitioner does not specify which prosecutorial statements or arguments to the jury constituted "misconduct" and he does not specify any allegedly exculpatory ("*Brady*") evidence that the prosecutors withheld. Without specific factual references to the actions or statements that he conclusorily claims to be "misconduct," Petitioner fails to state any plausible claim for habeas relief under this Ground. *See Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."); Rule 2 (c)(2), Rules Governing Section 2254 Cases ("The petition must . . . state the facts supporting each ground. . . ."). Nevertheless, in an attempt to liberally construe Petitioner's pleadings, the undersigned has considered this Ground as Petitioner's attempt to restate his previously made direct appeal and PCR contentions that prosecutors committed misconduct in his case when they went forward with the trial against him, questioned witnesses, and made arguments to jury asserting Petitioner's guilt while knowing that the trial court was lacking in subject-matter jurisdiction to try him because he had not received the preliminary hearing he requested. App. 578-79; ECF No. 33-2 at 4, 9-11. To the extent that Petitioner's minimal factual allegations in his Petition and conclusory contentions in his Response to Respondent's Motion for Summary Judgment may be so construed, this Ground does not require this court to grant habeas relief. As discussed previously, the PCR court properly found that Petitioner's trial counsel was not ineffective when she waived preliminary hearing in Petitioner's case and

Petitioner's constitutional rights were not violated or implicated in that strategic tactical decision. Also, the PCR court properly rejected Petitioner's contention that the lack of preliminary hearing rendered the trial court without subject-matter jurisdiction to try him. App. 629; *see United States v. Cotton*, 535 U.S. 625, 631 (2002) (defects in an indictment do not affect a trial court's subject-matter jurisdiction to try a criminal defendant); *State v. Gentry*, 610 S.E.2d 494, 498-500 (S.C. 2005) (same). As a result, Petitioner's contention that the prosecutors committed misconduct by pursuing the indicted charges against him is without merit.

Accordingly, the undersigned recommends that Ground Three as stated in the Petition be dismissed and that Respondent's Motion for Summary Judgment on that Ground be granted.

D.    Ground Four, Petitioner's Claim That His Due-Process Rights under the Fourteenth Amendment Were Violated By His Conviction and Sentence

1.    The Parties' Positions

Respondent contends that this Ground is too general, vague, and conclusory for this court to consider. ECF No. 33 at 33. Petitioner responds that the cumulative effect of the errors committed by the trial court, trial counsel's ineffective assistance, and the prosecutors' misconduct deprived him of a fair trial and resulted in a miscarriage of justice where his lengthy sentence was the result of "partiality, prejudice, oppression, and corrupt motives." ECF No. 38 at 7.

2.    Petitioner Has Not Shown That His Convictions and Sentences Constitute a Miscarriage of Justice

In this Ground, though broadly and conclusorily stated, Petitioner argues that the cumulative effect of the numerous errors that he contends occurred in his criminal case deprived him of a fair trial and resulted in cruel and unusual punishment. *Id*. It is true that the Ground is not factually detailed, and this court is not obligated to search through his prior pleadings to

make his arguments for him. Nevertheless, the PCR court's reasonable and evidentially-supported findings that Petitioner failed to sustain his burden of showing that his constitutional rights were violated or that his legal counsel was ineffective, as discussed previously, preclude relief on this Ground. Petitioner has not shown that the trial court proceeded in absence of subject-matter jurisdiction or that the prosecutors committed unconstitutional misconduct. Nor has he shown that his federal constitutional rights were violated by the legal representation he received. Petitioner's conclusory assertions otherwise and his contentions that the PCR court's finding are wrong are unavailing in light of the analysis of his other three Grounds above.

Accordingly, the undersigned recommends that Ground Four as stated in the Petition be dismissed and that Respondent's Motion for Summary Judgment on that Ground be granted.

IV.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. It is recommended that Respondent's Motion for Summary Judgment, ECF No. 34, be GRANTED and that the Petition in this case be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


December 17, 2014                                Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).