IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jabbar Jomo Straws, #231018 | ) | Civil Action No.: 5:13-3484-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Robert M. Stevenson, III, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Jabbar Jomo Straws ("the petitioner"), proceeding *pro se,* filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation ("Report"). Judge West recommends that the respondent's motion for summary judgment be granted and the petitioner's petition for writ of habeas corpus be dismissed *with prejudice.* (ECF No. 43.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on December 11, 2013,[1] alleging, *inter alia,* prosecutorial misconduct and ineffective assistance of counsel. On December 17, 2014, the Magistrate Judge issued a Report; and on January 7, 2015, the Clerk of Court entered petitioner's objections, along with several attachments. (ECF No.

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on December 11, 2013, by the BRCI (Broad River Correctional Institution) mailroom. (ECF No.1-1.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

46).  The court has reviewed the objections but finds them to be without merit.  Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.    The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.   28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

In regards to the filing of objections, the Magistrate Judge instructed the petitioner as follows:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

\*\*\*\*\*

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

(ECF No. 43 at 41). Nevertheless, the petitioner failed to lodge any specific objections to the Report. Instead, he states that "every" document attached to this objection to the REPORT AND RECOMMENDATION is his objection." (ECF No. 46 at 2). Therefore, in light of the petitioner's failure to file any specific objections to the Report, the objections that he did file will be overruled.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the court overrules the petitioner's objections, adopts the Magistrate Judge's Report to the extent that it does not contradict this Order, and incorporates it herein.[2] It is therefore ORDERED that respondent's motion for summary judgment (ECF No. 34) is GRANTED and the petitioner's petition is DISMISSED WITH PREJUDICE and without an evidentiary hearing.

---

[2]In Ground One of his petition, the petitioner claims the that the admission of his statement violated his Fifth Amendment rights. In discussing this issue, the Magistrate Judge's stated that "[t]he PCR court determined that trial counsel's decision to challenge the statement based on Petitioner's allegedly intoxicated condition and not on the basis of a *Miranda* violation was a reasonable strategic tactic." (ECF No. 43). The court finds that this statement is not contrary to the PCR court's finding "that trial counsel articulated valid strategic reasons for not introducing the *Miranda* right sheet into evidence and not objecting to testimony regarding oral statements made by the Applicant, and that Applicant has not shown that counsel was deficient in that choice of tactic." (R. at 626.) That the PCR court did not specifically mention the intoxication strategy is of no moment.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 31, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure